12-1659-cv
Palkimas v. Bella

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand thirteen.

Present:
> CHESTER J. STRAUB,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
>
> *Circuit Judges.*

_____

Richard R. Palkimas,

> *Plaintiff – Appellant*,

> v.                                                     No. 12-1659-cv

Kathy Bella, Andrew Whelan,

> *Defendants – Appellees*,

Robert Hall, Ricki Goldstein,

> *Defendants*.

_____

FOR APPELLANT:          JOHN R. WILLIAMS, New Haven, CT.

FOR APPELLEE:          LYNN D. WITTENBRINK, Assistant Attorney General, *for* George Jepsen, Attorney General for the State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *C.J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant Richard R. Palkimas ("Palkimas") appeals from a decision of the district court holding that Defendants Kathy Bella and Andrew Whelan (collectively "Defendants") were entitled to qualified immunity and granting Defendants' motion for summary judgment. *Palkimas v. Bella*, 08-cv-1836 (AWT), 2012 WL 1048868, at \*4-6 (D. Conn. Mar. 28, 2012). Palkimas argues Defendants violated his Due Process right to privacy when officials at the Department of Children and Families ("DCF") prepared and forwarded to two Assistant State's Attorneys, at their request, a letter detailing DCF's involvement with Palkimas and his family and Palkimas's history of domestic abuse. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only as necessary to explain our decision.

We review *de novo* the district court's grant of summary judgment, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007), and we "will uphold the judgment if the evidence, viewed in the light most favorable to the party against whom it [was] entered, demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law," *Global Network Commc'ns, Inc. v. City of N.Y.*, 562 F.3d 145, 150 (2d Cir. 2009). Palkimas does not dispute the "relevant facts" as "set forth by the district court." We turn to whether judgment for Defendants was warranted as a matter of law.

2

A public official is entitled to qualified immunity if either the plaintiff fails to "make out a violation of a constitutional right" or fails to establish "the right at issue was clearly established at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). We "'have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first.'" *Coollick v. Hughes*, 699 F.3d 211, 219 (2d Cir. 2012) (quoting *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011)).

On appeal, Palkimas addresses only whether the right he asserts was violated was clearly established. He argues that the district court erred in holding "that [he] did not have a clearly established privacy right that was violated by submission of the DCF letter to the State's Attorneys Office." *Palkimas v. Bella*, 2012 WL 1048868, at *4. We disagree.[1] The right to privacy may encompass the kind of information in the DCF letter in certain instances not present in this case, but multiple considerations militate against a holding that the disclosure at issue here violated Palkimas' constitutional right to privacy. Moreover, there is no clear case law articulating the contours of the right in this Circuit that would inform Defendants that the disclosure in this case violated Palkimas's right.

The existence of a general right to privacy does not necessarily establish the existence of the particular right in this case. "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)); *see also Reichle v. Howards*, 132 S. Ct. 2088, 2094 (2012) ("[T]he right allegedly violated must be established, not as a broad general proposition, but in a

---

[1] On our *de novo* review, we affirm the grant of summary judgment for Defendants, regardless of whether the district court erroneously relied, as Palkimas contends, on a Second Circuit case decided after the incidents giving rise to this appeal. *See Matson v. Bd. of Educ.*, 631 F.3d 57 (2d Cir. 2011).

3

particularized sense so that the contours of the right are clear to a reasonable official." (internal quotation marks and citations omitted)).  There is "a recognized constitutional right to privacy in personal information . . . characterized as a right to 'confidentiality.'" *Doe v. City of N.Y.*, 15 F.3d 264, 267 (2d Cir. 1994); *see also Whalen v. Roe*, 429 U.S. 589, 599-600 (1977) (characterizing one kind of privacy interest as "the individual interest in avoiding disclosure of personal matters").  This right of privacy is clearly established "as a broad general proposition," but the right to be free from involuntary disclosure of information such as that contained in the DCF letter at issue here is not clearly established "in a particularized sense so that the contours of the right are clear to a reasonable official."  *Reichle*, 132 S. Ct. at 2094.

Whether a state actor violated a plaintiff's constitutional right to privacy always entails a balancing of the individual's right to keep personal information private and the government's sufficient interest in disclosing or disseminating that information.  That is, any right to preclude its disclosure is not automatic and has to be balanced against the government's justification for disclosure or dissemination in order to determine whether the right to privacy is violated.  *See Powell v. Schriver*, 175 F.3d 107, 112-13 (2d Cir. 1999) (explaining that a prison could disclose an inmate's status as HIV-positive if disclosure "would further legitimate penological interests"); *Doe*, 15 F.3d at 267, 269-70 (concluding plaintiff had a right to keep private his status as HIV-positive but remanding to address whether the City of New York "had a substantial interest in issuing the press release . . . that outweighs [plaintiff's] privacy interest"); *see also O'Connor v. Pierson*, 426 F.3d 187, 201-02 (2d Cir. 2005) ("That [the plaintiff] ha[d] a constitutionally protected privacy interest in his records d[id] not, however, mean that he need never disclose them; it means that he need not disclose them unless the [government] has a sufficient interest to justify its request.").

4

Palkimas argues that cases decided in this Circuit sufficiently define the constitutional right of privacy so as to make adequately clear to Defendants that their disclosure of the DCF letter would violate that right.  We do not agree, and we conclude there is enough variation among the cases in this Circuit that Defendants were without clear guidance.  The facts of the cases cited by Palkimas—*Doe*, *Powell*, and *O'Connor*—are different enough from those in this case such that Defendants could not have known that producing the letter and providing it to the Assistant State's Attorneys, at those attorneys' request, would violate Palkimas's privacy right. *See, e.g.*, *Powell*, 175 F.3d at 112-13 (addressing privacy rights of prisoners); *Doe*, 15 F.3d at 265-66 (addressing government's disclosure in a press release to the public at large).  Although the letter at issue includes one sentence attributed to his mother stating that "she thinks he has psychiatric problems," the letter's purpose—addressed to the Norwalk Superior Court because "DCF believe[d] that it [was] important for the Norwalk Superior Court to have the following information"—and the letter's ultimate dissemination—to two prosecuting attorneys handling Palkimas's criminal case—is not sufficiently similar to *O'Connor* such that Defendants would have known disclosure of the letter ultimately might violate whatever right Palkimas had to keep the information in the letter private.  *See O'Connor*, 426 F.3d at 202, 204 (concluding medical records request might be arbitrary when the requesting institution, a school board, "was not competent to independently evaluate those records" since psychiatry, although not "an exact science," should be "practiced only by professionals"; remanding the case, however, for consideration of "what motivated the Board's insistence that [plaintiff] release his medical records to it").

We have considered all of Palkimas's remaining arguments and find them to be without merit.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
